UNITED STATES *v.* BOSCA, REED, MACKINNON CO., SPRINGFIELD LEATHER PRODUCTS CO., IMPERIAL LEATHER CO. (No. 4016)[1]

United States Court of Customs and Patent Appeals, May 29, 1937

*Joseph R. Jackson*, Assistant Attorney General (*Ralph Folks* and *John F. Kavanagh*, special attorneys, of counsel), for the United States.
*Tompkins & Tompkins* (*J. Stuart Tompkins* of counsel) for appellees.
*Samuel Isenschmid*, amicus curiae.

[Oral argument April 5, 1937, by Mr. Kavanagh and Mr. J. Stuart Tompkins]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

On January 25, 1937, this court affirmed the judgment of the United States Customs Court in the above-entitled cause, 24 C. C. P. A. (Customs) 364, T. D. 48829. Thereafter, on February 10, 1937, counsel for the Government filed a petition for rehearing, claiming, among other things, that this court was in error in holding in its original decision that it was within the discretion of the trial court, under rule 25 of that court, to permit the record in a previous case, *United States* v. *Bosca, Reed, MacKinnon Co. et al.*, 21 C. C. P. A. (Customs) 358, T. D. 46888, to be introduced in evidence.

[1] T. D. 49040.

The petition for rehearing was granted on February 23, 1937, and, on April 5, 1937, the issue hereinbefore stated was again argued and submitted.

Rule 25 of the United States Customs Court, which was in effect at the time of the proceedings in this case, was quoted in our original decision as follows:

When a question involving substantially the same character of goods, or involving substantially the same issue, arising by protest, appeal, or petition, is under consideration for decision before a judge or division empowered to take testimony, and a decision has been previously made, the record and testimony taken in such case, within the discretion of the court, may be admitted in evidence in the pending case on motion of either plaintiff or defendant, unless objection, which shall be sustained by the court, is made by either party.

This rule shall apply also to the printed record in any case acted upon by the appellate courts on appeals from the decisions of this court.

The court shall not, however, entertain any motion to admit the record in any case unless at least five days' notice of said motion is served on the opposite party, or unless such notice is waived by the opposing party.

After referring in our decision to several decisions by this court on the issue here presented, we said:

It is obvious from what has been said that this court, although not expressly approving, never disapproved the rule of the United States Customs Court relative to the introduction of records in previous cases, *so long as that rule incorporated within it the right* of opposing counsel to reexamine or cross-examine any witness whose testimony appeared in the incorporated record.

The rule of the United States Customs Court here under consideration did not provide any such right. We think, therefore, that it should be construed as being applicable only in cases where the parties to the pending suit were parties in the previous case, and where the merchandise is substantially the same and the issues are precisely the same, as in the case at bar.

We do not intend to be understood as holding that rule 25, *supra*, is applicable where the party who objects to the introduction of a record in a previous case was not a party to the former suit. Although such a statement is not necessary to our conclusion in this case, it would seem that, in such case, the party who opposes the introduction of the record in the previous case should be afforded the opportunity to examine or cross-examine the witnesses whose testimony is incorporated in that record.

However, in the incorporated record here under consideration the appellees, with the exception of two who are not here involved, were the same, the appellant was the same, the merchandise substantially the same, and the issues precisely the same as in the case at bar.

It will be noted that in the last-quoted paragraph we stated that "in the incorporated record here under consideration the appellees, with the exception of two who are not here involved, were the same * * * as in the case at bar", and there is nothing in the printed record before us to indicate that that statement is incorrect. However, it appears from the incorporated record and from the original papers in the case at bar that the same parties were involved in both cases.

We have carefully considered the various contentions made in the briefs of the parties, and in the brief of *amicus curiae*. However, due to the fact that we adhere to the views expressed in our original decision, we deem it unnecessary to discuss those contentions further than to say that those made by *amicus curiae* (to the effect that, as construed by this court, rule 25, *supra*, is wholly insufficient to meet the many problems confronting parties litigant before the United States Customs Court) should be presented to the United States Customs Court for such action as that court may deem proper.

For the reasons stated in our original decision, the judgment is *affirmed*.